UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM JAMES RAY,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 3:24-CV-449-JVB-APR |
| | ) |
| T. WORDEN, *et al.*,<br>　　　　Defendants. | )<br>)<br>) |

**OPINION AND ORDER**

William James Ray, a prisoner without a lawyer, filed a complaint against twelve defendants alleging that they failed to protect him from attacks by other inmates. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, which Ray signed under penalty of perjury, he claims that this event is not grievable. ECF 1 at 7. Ray's assertion that he cannot file a grievance about the event is not accurate. The Indiana Department of Correction's grievance policy lays out what can be grieved:

A. Matters Appropriate to the Offender Grievance Process:

Examples of issues which an offender may initiate the grievance process include, but are not limited to:

> 1. The substance and requirements of policies, procedures, and rules of the Department or facility (including, but not limited to, correspondence, staff treatment, medical or mental health, some visitation, and food service);
>
> 2. The manner in which staff members interpret and apply the policies, procedures, and/or rules of the Department or of the facility.

> 3. Actions of individual staff, contractors, or volunteers;
>
> 4. Acts of reprisal for using the Offender Grievance Process;
>
> 5. Any other concerns relating to conditions of care or supervision within the Department, or its contractors, except as noted in this policy and administrative procedure; and,
>
> 6. Prison Rape Elimination Act (PREA).

*See* Ind. Dep't of Corr. Policy & Admin. Proc., *Offender Grievance Process*, No. 00-02-301 (eff. Sept. 1, 2020), available at https://www.in.gov/idoc/files/00-02-301-Offender-Grievance-Process-9-1-2020.pdfOffender-Grievance-Process. Complaints about the actions of food service, medical, and correctional staff are clearly appropriate to the Offender Grievance Process.

In the Prison Litigation Reform Act, Congress mandated that prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is designed to provide the prison with notice of a problem and give it an opportunity to fix it. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). Exhaustion is required even if the prisoner believes the grievance process will not work for him. "[T]here is no futility exception to the PLRA's exhaustion requirement." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *see also Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (holding that exhaustion is necessary even "if the prisoner believes that exhaustion is futile. The sole objective of § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." (citations and quotation marks omitted)). Ray's mistaken belief that the events giving rise to this complaint cannot be grieved does not excuse his decision not to exhaust the grievance process prior to initiating this lawsuit.

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025

2

(7th Cir. 2002). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (quotation marks omitted). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis in original).

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). The complaint here shows that Ray did not exhaust his administrative remedies before he filed suit, and therefore the case will be dismissed. *See Schillinger v. Kiley*, No. 21-2535, 2022 WL 4075590, at *1 (7th Cir. Sept. 6, 2022) (unpublished) ("Although failure to exhaust is an affirmative defense, a district court may dismiss a complaint at screening if the complaint, and any documents subject to judicial notice, establish the defense so plainly as to make the suit frivolous.").

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here.

It is legally frivolous to file a case that must be dismissed. For these reasons, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED on June 6, 2024.

                                                s/ Joseph S. Van Bokkelen  
                                                JOSEPH S. VAN BOKKELEN, JUDGE  
                                                UNITED STATES DISTRICT COURT