UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM JAMES RAY,

    Plaintiff,

        v.                                                                      CAUSE NO. 3:24-CV-449-PPS-APR

T. WORDEN, et al.,

    Defendants.

## OPINION AND ORDER

William James Ray, a prisoner without a lawyer, was granted leave to proceed on

the following claims:

- against John Doe Aramark Employee/Worker in his individual capacity for compensatory and punitive damages for deliberately leaving the area where Ray was located on July 1, 2022, knowing that inmates were threatening to assault him and for the purpose of allowing the assault to occur, in violation of the Eighth Amendment;
- against Prison Guard Snow in his individual capacity for compensatory and punitive damages for retaliating against him for making PREA complaints by not placing the "keep separate" order, housing him near the inmate who attacked and stabbed him on July 1, 2022, and not transferring him to another facility despite knowing there was a hit on him, in violation of the First Amendment;
- against Prison Guard B. Throneberry in his individual capacity for compensatory and punitive damages for failing to protect him from an attack on March 17, 2023, by his cellmate after hearing threats to harm Ray due to the hit placed on him on July 1, 2022, directly from that cellmate when placing Ray in the cell, in violation of the Eighth Amendment;
- against Lieutenant/Prison Guard Hensley and the John Doe Prison Guard present with Lieutenant/Prison Guard Hensley around 4:00 a.m. on April 28, 2023, in their individual capacities for compensatory and punitive damages for deliberate indifference to Ray's safety, in violation of the Eighth Amendment;
- against Lieutenant/Prison Guard Hensley in his individual capacity for compensatory and punitive damages for retaliating against Ray for filing PREA complaints by failing to address his need for protection on April 28, 2023, in violation of the First Amendment;
- against Warden Bryan English in his official capacity solely for purposes of identifying two Doe defendants:
    - a. the John Doe Aramark Employee/Worker assigned to supervise in the kitchen on July 1, 2022, and who left the room immediately prior to Ray being attacked; and

 b. the John Doe defendant who was present with Lieutenant/Prison Guard Hensley on April 28, 2023, when Hensley went to Ray's cell around 4:00 a.m. to discuss Ray's security concerns[.]

ECF 41 at 16-17.

Warden English was ordered to appear and, after reviewing this order and the amended complaint, identify:

 a. the John Doe Aramark Employee/Worker assigned to supervise in the kitchen on July 1, 2022, and who left the room immediately prior to Ray being attacked; and

 b. the John Doe defendant who was present with Lieutenant/Prison Guard Hensley on April 28, 2023, when Hensley went to Ray's cell around 4:00 a.m. to discuss Ray's security concerns[.]

*Id.* at 18. The deadline for Warden English to respond was initially set for March 23, 2026. ECF 41 at 18. When Warden English did not respond, I extended the deadline to May 6, 2026. ECF 51. Warden English responded on May 14, 2026. ECF 54.

In his response, Warden English has identified Will Rogers as the John Doe Aramark Employee/Worker assigned to supervise in the kitchen on July 1, 2022, and who left the room immediately prior to Ray being attacked. *Id.* Now that this information has been provided, the clerk will be directed to update the docket to reflect that the true name of this individual is Will Rogers.

However, Warden English has indicated that "it is not possible at this time to determine exactly who was present with Lieutenant Hensley on April 28, 2023." *Id.* Warden English has provided an overnight shift roster for April 28, 2023, "in the hope that this will aid Plaintiff in determining who was with Lieutenant Hensley on April 28, 2023." *Id.* I ordered Warden English to either identify the two Doe defendants or show cause why he could not do so. ECF 41; ECF 51. Warden English states that he was

unable to identify the John Doe defendant who was present with Lieutenant/Prison Guard Hensley on April 28, 2023, but he does not offer *any explanation whatsoever* regarding the steps he took to identify this individual or why he was unable to do so. Warden English's conclusory statement that the individual could not be identified is an insufficient response to my order to show cause. Therefore, I am again ordering Warden English to either identify this individual or show cause why he is unable to do so. This requires that Warden English explain - in detail - the steps he has taken to identify this individual.

For these reasons, the court:

(1) DIRECTS the clerk to update the docket to reflect that the true name of John Doe Aramark Employee/Worker assigned to supervise in the kitchen on July 1, 2022, is Will Rogers;

(2) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Will Rogers at Indiana Department of Correction and to send him a copy of this order, the screening order (ECF 41), and the amended complaint (ECF 38) pursuant to 28 U.S.C. § 1915(d);

(3) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available;

(4) ORDERS Will Rogers to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff was granted leave to proceed in the screening order; and

(5) ORDERS Warden English – for the third time - to identify the John Doe defendant who was present with Lieutenant/Prison Guard Hensley on April 28, 2023, or show cause why he was unable to do so by **May 29, 2026**.

SO ORDERED.

ENTERED: May 18, 2026.

 /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT